IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY E. JOHNSON                                                     PLAINTIFF

vs.                          Civil No. 4:15-cv-04115

CAROLYN W. COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Mary Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her disability application for DIB on March 4, 2013 and for SSI on March 21, 2013. (Tr. 13, 193-202). In her applications, Plaintiff alleges being disabled due to hair loss, rheumatoid arthritis, borderline lupus, bone pain and walking with a limp. (Tr. 246, 300). Plaintiff alleges an onset date of January 1, 2012. (Tr. 13). These applications were denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

and again upon reconsideration. (Tr. 13).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 141). Thereafter, on June 11, 2014, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 35-66). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Donald Anderson testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-seven (57) years old, and graduated high school. (Tr. 40).

On June 12, 2015, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 13-29). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2012, her alleged onset date. (Tr. 16, Finding 2).

The ALJ determined Plaintiff had the severe impairment of arthralgia. (Tr. 16, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-27). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work. (Tr. 19, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a home health provider. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from

2

January 1, 2012 through the date of the decision. (Tr. 28, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 9). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On December 11, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 21, 2015. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the following: (1) the ALJ erred in his assessment of Plaintiff's severe impairments, (2) the ALJ erred in discrediting the opinions of Plaintiff's physicians, and (3) the ALJ erred in the RFC determination. ECF No. 10 at 3-20. Because the Court finds the ALJ erred by finding her rheumatoid arthritis non severe, this case

4

must be reversed and remanded.

     A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

     Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

     In this case, Plaintiff alleged being disabled due to, among other things, rheumatoid arthritis. (Tr. 300). On August 31, 2011, Plaintiff was seen at Christus Saint Michael Hospital for joint pain. (Tr. 354-370). Plaintiff underwent lab work which was positive for possible rheumatoid arthritis. Following this visit, Plaintiff was given patient instructions for rheumatoid arthritis and polymyalgia rheumatica. (Tr. 370). On September 13, 2011, Plaintiff was seen by Dr. Ronald Rush. (Tr. 372-374). Plaintiff complained of joint pain and Dr. Rush indicated Plaintiff labs were positive for lupus, rheumatoid arthritis, or other connective tissue disease. *Id.* Plaintiff was assessed with polyarthralga. *Id.* On October 1, 2012, Plaintiff was seen at the Prescott Family Clinic for a General

5

Physical Examination. (Tr. 380-384). The diagnosis was lupus, polyarthralgias and alopecia. (Tr. 384).

On January 24, 2104, Plaintiff was seen by Dr. Aaron Broadwell with Rheumatology and Osteoporosis Specialists. (Tr. 396-410). Dr. Broadwell indicated Plaintiff had a history of inflammatory polyarthritis and was quite inflamed on the day of her visit. (Tr. 410). Plaintiff was assessed with inflammatory polyarthritis which was likely secondary to rheumatoid arthritis. (Tr. 396). Plaintiff returned to see Dr. Broadwell on February 17, 2014 and was given a similar assessment. (Tr. 393-395). Plaintiff was started methotrexate and Plaquenil and tapered on her steroids. (Tr. 409). Plaintiff had a similar diagnosis when seen by Dr. Broadwell on May 19, 2014 and October 3, 2014. (Tr. 437-439, 442-444).

Based upon this evidence alone, the Court finds the ALJ's determination Plaintiff's rheumatoid arthritis was non severe was not supported by substantial evidence in the record. Thus, this case must be reversed and remanded for further consideration of this issue.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of November 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE